UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                            13-cr-589 (PKC)

      -against-

                                                                            <u>ORDER</u>

JOSE ARAMIS BRITO,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Jose Aramis Brito ("Brito") filed a pro se emergency motion for a sentence reduction pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), asserting "extraordinary and compelling circumstances" as the basis for his motion. (Doc. 123 at 1, 5). In light of the COVID-19 pandemic, Brito argues that he suffers an enhanced risk from COVID-19 while incarcerated at FCI Fort Dix ("Fort Dix") due to his preexisting comorbidity factors. (Doc. 123 at 3). As such, his sentence ought be reduced to time served. Brito supplemented his initial motion on August 25, 2020. (Doc. 125). The government opposes Brito's application. (Doc. 127). With the assistance of counsel, on September 9, 2020, Brito submitted a reply in further support of his application. (Doc. 128).

        For the reasons that follow, Brito's motion for a sentence reduction will be denied.

LEGAL STANDARD

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a

reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C.§ 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  Id. § 3582(c)(1)(A).

The United States Sentencing Commission is required by statute to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18 [] describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t); see also United States v. Butler, No. 19-cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020); United States v. Ebbers, No. 02 Cr. 1144 (VEC), 2020 WL 91399, at *4  (S.D.N.Y. Jan. 8, 2020).  The Sentencing Commission's policy statement and corresponding commentary on section 3582(c)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)(ii).  The defendant must also not be a danger to the community and the reduction must be consistent with the Sentencing Commission's policy statement.  Id. § 1B1.13(2)–(3).

DISCUSSION

On July 19, 2013, Brito was arrested and charged with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and § 846.  (Doc. 35).  These charges stemmed from Brito's participation in the planned robbery of 50 kilograms of cocaine from a drug dealer.  (Doc. 90).  Brito was convicted on both counts and

sentenced to a total of 144 months imprisonment. (Doc. 88). The sentence imposed was significantly below Brito's Guidelines range of 360 months to life imprisonment. (Doc. 90). Brito is currently incarcerated at Fort Dix and is scheduled for release, with good time credits, on October 5, 2023. (Doc. 127 at 2).

In support of his application for the reduction of his sentence to time served, Brito argues that his medical conditions, the inability of the BOP to provide adequate protection against COVID-19, and the other factors considered upon the imposition of a sentence under 18 U.S.C. § 3553(a) amount to "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582(c).

First, Brito states that he is morbidly obese, pre-diabetic, and has hypertension. (Doc. 128-1 ¶ 8; Doc. 123 at 3), all conditions that are comorbidity factors significantly enhancing his potential risk of developing serious complications or dying from the contraction of COVID-19. No medical records documenting these conditions have been produced to the Court in support of Brito's application. Obesity and hypertension are factors that elevate an individual's risk of suffering severe or fatal complications from COVID-19. Specifically, according to a study posted by the CDC, for the period March 1 through March 30, 2020, 89.3% of adults hospitalized with COVID-19 had one or more underlying conditions. "The most commonly reported were hypertension (49.7%), obesity (48.3%), chronic lung disease (34.6%), diabetes mellitus (28.3%), and cardiovascular disease (27.8%)."[1] Assuming that Brito suffers from obesity and hypertension, the Court concludes that Brito is at elevated risk of serious illness or death if he were to be infected with COVID-19.

---

[1] Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 — COVID-NET, 14 States, March 1–30, 2020, CDC (Apr. 17, 2020), https://www.cdc.gov/mmwr/volumes/69/wr/mm6915e3.htm (last accessed September 10, 2020).

Second, Brito argues that the conditions of his confinement at Fort Dix place him at an elevated risk being exposed to and contracting COVID-19.  Specifically, Brito notes that he is living in a confined space with hundreds of other inmates, cannot follow proper social distancing protocols throughout his day, and is supervised by corrections officers, who allegedly fail to consistently utilize personal protective equipment.  Brito also argues that prisons are particularly susceptible to outbreaks of infectious disease as evidenced by COVID-19 outbreaks at other BOP facilities.  The government responds that the BOP has implemented a detailed plan to prevent and control cases of COVID-19 within prisons and that, while it has previously recorded cases of COVID-19, Fort Dix reports no active cases of COVID-19 as of September 8, 2020.  (Doc. 127 at 3–5).

For purposes of this motion, the Court assumes that COVID-19 poses elevated risks to a person with underlying medical conditions similar to Brito whether incarcerated in Fort Dix or at liberty in the Bronx, where Brito indicates he would reside if his sentence were reduced to time served.  However, a person at liberty has a significantly greater ability to minimize risks from COVID-19 by following social distancing protocols, utilizing personal protective equipment of his choice, and generally limiting his contact with others.  Put simply, the Court assumes that Brito, as an inmate at Fort Dix, is at greater risk of exposure to COVID-19 than he would be if he were at liberty or on home confinement.

Third, Brito argues that the remaining section 3553(a) factors support the reduction of his sentence.  Specifically, Brito argues that he has served approximately 70% of his sentence (if good time credits are included), that while incarcerated he has incurred no disciplinary violations and taken steps to prepare for post-incarceration life, and that a reduced sentence would comply with the goals of sentencing.  The Court does not agree.

4

Section 3553(a) factors to be considered upon the imposition of a sentence include "the nature and circumstances of the offense and the history and characteristics of the defendant," the purposes of punishment, and the Guidelines sentencing range for the offense, among other factors. 18 U.S.C. 3553(a).

Here, the nature of Brito's crimes are very serious. Brito was convicted of participation in a conspiracy to commit robbery and then to distribute the proceeds of that robbery, namely 50 kilograms of cocaine. The seriousness of this offense is reflected in the 144-month sentence imposed. Moreover, Brito's criminal history status as a career offender at the time of sentencing exposed him to a Guidelines range of 360 months to life imprisonment. Though the Court recognized that Brito was not a leader of the relevant conspiracy, the Court accounted for this fact by imposing a below Guidelines sentence. Presently, with the inclusion of good time credits, Brito has served approximately 70% of his sentence, but still has over three years remaining. Simply having served a large portion of a sentence imposed for a serious crime does not represent a factor warranting a reduction in Brito's (below Guidelines) sentence. Further, while Brito's record of good behavior while incarcerated is laudable, such good behavior does not warrant an additional sentence reduction beyond the approximately 18-month reduction Brito should receive in the form of good time credit. Again, Brito's steps to improve himself and his apparently changed character are commendable, but do not warrant a reduction in his sentence, which accounted for his long criminal history prior to his current incarceration. As such, these section 3553(a) factors do not support a reduction in his sentence.

The purposes of punishment detailed in section 3553(a) also militate against a reduction in Brito's sentence. Specifically, maintaining Brito's current sentence reflects the seriousness of his offense, affords both general deterrence and specific deterrence of a career

5

offender, and protects the public from potential future crimes committed by this career offender. The other section 3553(a) arguments advanced by Brito similarly do not provide a convincing rationale for a reduction in his sentence.

The Court concludes that the section 3553(a) factors do not represent an extraordinary and compelling reason to reduce Brito's sentence to time served.

CONCLUSION

Brito has served approximately 7 years of a 12-year below-Guidelines sentence, imposed for participation in a conspiracy to commit robbery and to distribute 50 kilograms of cocaine. Considering Brito's medical conditions, the conditions at Fort Dix during the present stage of the COVID-19 pandemic, the nature and circumstances of the crimes of which Brito was convicted, Brito's history and characteristics, the danger to the community that he would pose if he were at liberty, and the other section 3553(a) factors, the Court concludes that there are not "extraordinary and compelling" reasons to reduce Brito's sentence. His motion is DENIED. The Clerk is direct to terminate these motions. (Docs. 123, 127).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 15, 2020