UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                        13-cr-589 (PKC)

        -against-

                                                                                        ORDER

JOSE ARAMIS BRITO,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Jose Aramis Brito, represented by counsel, has filed a second motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), asserting "extraordinary and compelling reasons" related to the COVID-19 pandemic. (Doc. 137). Brito's current application seeks a sentence modification to time served or home confinement, or in the alternative, a recommendation to the BOP that he should be released on furlough. He has also submitted a sworn declaration in support of the application. (Doc 139, "Brito Decl.").

        On September 15, 2020, the Court denied Brito's first application for compassionate release, and familiarity with the Court's decision is assumed. (Doc 129; ("September 15 Order")). It concluded that Brito's medical conditions, the conditions at FCI Fort Dix where he is housed, and the section 3553(a) factors, considered both in isolation and in combination did not amount to "extraordinary and compelling reasons" for a sentence reduction. Brito appealed this decision to the Second Circuit Court of Appeals. United States v. Brito, 20-3640. On November 11, 2020, the Second Circuit issued an order dismissing the appeal by December 3, 2020 unless Brito made certain required fillings, which he has failed to do. United States v. Brito, 20-3640, Docket # 10 & 11. Brito also submitted a motion to withdraw his appeal,

but the Second Circuit found the motion to be defective and ordered it stricken from the docket. United States v. Brito¸ 20-3640, Docket # 12, 13, and 16.  As of January 27, 2021, the Second Circuit has not formally dismissed Brito's appeal.  Nonetheless, for reasons that will be explained, the Court would deny Brito's second application for a sentence reduction on the merits if jurisdiction were restored to district court pursuant to Rule 37, Fed R. Crim P.

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[1]  Since Brito's first application, the Second Circuit issued its decision in United States v. Brooker, which clarified that district courts are permitted "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."  976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").  The Court must also consider the "factors set forth in section 3553(a) to the extent they are applicable . . . ."  18 U.S.C. § 3582(c)(1)(A).

Following the Court's denial of his initial application, Brito filed a request for compassionate release with the warden of his facility on November 2, 2020.  (Brito Decl. ¶¶

---

[1] Section 3582(c)(1)(A) also requires consideration of whether a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  But the Second Circuit has "held that United States Sentencing Guideline § 1B1.13—the policy statement 'applicable' to compassionate-release motions brought by the Director of the Bureau of Prisons—is not 'applicable' to compassionate-release motions brought by incarcerated defendants."  United States v. Roney, 2020 WL 6387844, at *3 n.1 (2d Cir. Nov. 2, 2020) (citing United States v. Brooker, 976 F.3d 228, 235–36 (2d Cir. 2020)).

2

17–18). His request was denied on November 12, 2020. The government does not dispute that Brito has exhausted his administrative remedies.

Brito relies in part on arguments from his prior application for sentence reduction. The Court will briefly review its conclusions from its September 15 Order to the extent they are relevant. First, Brito states that he has obesity, hypertension, and prediabetes. According to the Center for Disease Control ("CDC"), adults with obesity are at an increased risk of severe illness from COVID-19 and adults with hypertension might be at an increased risk for severe illness.[2] As before, no medical records documenting these conditions have been submitted to the Court, but "[a]ssuming that Brito suffers from obesity and hypertension the Court concludes that Brito is at elevated risk of serious illness or death if he were to be infected with COVID-19." (Doc. 129 at 3). Second, Brito's application points to the conditions of his confinement at FCI Fort Dix. The Court's September 15 Order considered that "a person at liberty has a significantly greater ability to minimize risks from COVID-19 by following social distancing protocols, utilizing personal protective equipment of his choice, and generally limiting his contact with others. Put simply, the Court assumes that Brito, as an inmate at Fort Dix, is at greater risk of exposure to COVID-19 than he would be if he were at liberty or on home confinement." (Doc 129, at 4).

Brito's second application urges that new factual developments over the last four months, combined with the grounds raised in his initial application, amount to "extraordinary and compelling reasons" for a sentence reduction.

On October 19, 2020, Brito tested positive for COVID-19 and was placed in isolation. (Brito Decl. ¶¶ 3-4). During this period, Brito was isolated only from inmates and

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 27, 2021).

guards who had not contracted the virus but was unable to be socially distanced from other inmates who tested positive. (Brito Decl. ¶¶ 5–6). Brito tested positive for the virus again on November 16 and November 18. (Brito Decl. ¶ 9). He was told during the first week of December that he was "recovered" and no longer required to isolate. (Brito Decl. ¶ 13). Brito states that he spent seven weeks in isolation and that over that period he "was not permitted to go outside, have legal calls, or work" (Brito Decl. ¶ 15). According to his application, Brito did not require hospitalization or develop serious complications as a result of being infected with the virus, but has experienced shortness of breath and chest pressure. (Doc 138, at 3–4). Brito's application acknowledges that "[i]t is too soon to say whether he will suffer long-term consequences from the disease." (Doc 138, at 4).[3]

Brito further argues that he is at risk of reinfection and would face an elevated risk of serious illness. Current CDC guidance reports that "[c]ases of reinfection with COVID-19 have been reported, but remain rare" and that the "CDC is actively working to learn more about reinfection to inform public health action."[4] In addition, rates of COVID-19 infection at Fort Dix have undoubtedly increased since the Court's September 15 Order. Brito attests that more than 250 of the 300 inmates in his unit have tested positive for COVID-19. (Brito Decl. ¶ 9). According to the BOP website, there are currently 64 inmates and 32 staff with active cases.[5] While duration of immunity to the virus and the likelihood of reinfection are not currently known, for purposes of this motion, the Court will assume that Brito faces some risk of being reinfected with the COVID-19 virus.

---

[3] The CDC advises that "[w]hile most persons with COVID-19 recover and return to normal health, some patients can have symptoms that can last for weeks or even months after recovery from acute illness." https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html (last accessed Jan. 27, 2021).
[4] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Jan. 27, 2021).
[5] https://www.bop.gov/coronavirus/ (last accessed Jan. 27, 2021).

Lastly, Brito argues that the Court's balancing of the section 3553(a) factors in its September 15 Order should be reassessed due to the conditions of his confinement and his period of isolation during the COVID-19 outbreak at FCI Fort Dix.  The Court takes account of the restrictive conditions that he has experienced from mid-October into December.  They do not, however, tip the balance in favor of a sentence reduction.  A host of section 3553(a) factors weigh against a grant of a sentence reduction.  These include the seriousness of the offense, Brito's status as a career offender and the below Guidelines sentence imposed by the Court, the percentage of Brito's sentence already served and the purposes of sentencing set out in section 3553(a). (Doc. 129 at 5).

Taking full account of Brito's health, the present conditions at FCI Fort Dix, Brito contracting and recovering from the COVID-19 virus while incarcerated, and the other section 3553(a) factors, Brito's motion will be denied.  In denying Brito's motion, the Court affords weight to the fact that Brito has served approximately 7 years of a 12-year sentence, which was 216 months below his Guidelines range of 360 months to life imprisonment.  The Court takes into account all of the section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Brito's history and characteristics.  Brito has obesity and hypertension, and the CDC recognizes these conditions to be associated with degrees of heightened risk if the individual is infected with COVID-19.  Brito further was infected with COVID-19 in October 2020 and although he has recovered, continues to experience chest pain and shortness of breath.  Moreover, according to current CDC guidance cases of reinfection "remain rare."[6]  The Court has considered Brito's health condition and whether viewed in isolation or in combination with other

---

[6] Courts in this district have found that a risk of reinfection with the COVID-19 virus does not weigh in favor of granting compassionate release.  See, e.g., United States v. Nwanko, 12 cr 31 (VM), 2020 WL 7335287, at *2 (S.D.N.Y. Dec. 14, 2020); United States v. Delorbe-Luna, 18 cr 384 (VEC), 2020 WL 7231060, at *3 (S.D.N.Y. Dec. 7, 2020); United States v. Decker, 17 cr 738 (LAK), 2020 WL 3268706, at *2 (June 17, 2020).

relevant considerations, it does not constitute an extraordinary and compelling reason that warrants a reduction in his sentence.

CONCLUSION

Taking all considerations both in isolation and in combination, the Court concludes that Brito has not demonstrated an extraordinary and compelling reason to reduce his sentence. Brito's motion for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED. The Clerk is direct to terminate the motion. (Doc 137).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 27, 2021