UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                     13-cr-589 (PKC)

  -against-

                       ORDER

JOSE ARAMIS BRITO,

      Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

  By letter dated March 15, 2021, Brito, proceeding pro se, moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), asserting "extraordinary and compelling reasons" related to the COVID-19 pandemic. (Doc. 145). The Court is also in receipt of Brito's supplemental letter dated March 25, 2021. (Doc 148).

  Since the start of the COVID-19 pandemic, the Court has issued several orders denying Brito's motions for a sentence reduction or motions to reconsider those decisions. The Court assumes familiarity with these prior orders.

  Brito's first motion was initially filed pro se, but he submitted a reply in further support of his motion with the assistance of counsel. (Docs 123 & 128). On September 15, 2020, the Court denied Brito's first motion. (Doc 129). The Court concluded that Brito's medical conditions, the conditions at FCI Fort Dix where he is housed, and the section 3553(a) factors, considered both in isolation and in combination did not amount to "extraordinary and compelling reasons" for a sentence reduction. (Id.) On October 8, 2020, the Court denied Brito's motion for reconsideration of this decision. (Doc 131).[1]

---

[1] Brito appealed the denial of his first motion to the Second Circuit Court of Appeals. United States v. Brito, 20-3640. Brito submitted a motion to withdraw his appeal, but on April 2, 2021, the Second Circuit found this motion

Mailed to J. Brito 4/7/2021

On December 18, 2020, Brito, represented by counsel, filed a second motion for sentence reduction under § 3582(c)(1)(A). (Doc 137). On January 27, 2021, the Court denied Brito's motion and stated:

> Taking full account of Brito's health, the present conditions at FCI Fort Dix, Brito contracting and recovering from the COVID-19 virus while incarcerated, and the other section 3553(a) factors, Brito's motion will be denied. In denying Brito's motion, the Court affords weight to the fact that Brito has served approximately 7 years of a 12-year sentence, which was 216 months below his Guidelines range of 360 months to life imprisonment. The Court takes into account all of the section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Brito's history and characteristics. Brito has obesity and hypertension, and the CDC recognizes these conditions to be associated with degrees of heightened risk if the individual is infected with COVID-19. Brito further was infected with COVID-19 in October 2020 and although he has recovered, continues to experience chest pain and shortness of breath. Moreover, according to current CDC guidance cases of reinfection "remain rare." The Court has considered Brito's health condition and whether viewed in isolation or in combination with other relevant considerations, it does not constitute an extraordinary and compelling reason that warrants a reduction in his sentence.

(Doc 144, at 5–6) (footnote omitted). Moreover, the Court applied the "extraordinary and compelling reasons" standard as interpreted by the Second Circuit in United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), which was issued after Brito's first motion was decided.

The arguments now presented by Brito concerning whether "extraordinary and compelling reasons" exist related to the COVID-19 pandemic, were raised and considered by the Court in connection with Brito's prior two motions for a sentence reduction. Among Brito's arguments were that he faces a risk of being reinfected with COVID-19, his medical conditions are associated with heightened risk if he were to be reinfected and the present conditions at his

---

to be defective and ordered Brito to cure the defect by April 23, 2021. United States v. Brito, 20-3640, Docket # 22. As of April 6, 2021, the Second Circuit has not formally dismissed Brito's appeal.

facility, FCI Fort Dix, combined with alleged mismanagement by the Bureau of Prisons ("BOP") at Fort Dix, place him at an elevated risk of exposure.

Brito's third motion urges that new factual developments since the Court's January 27, 2021 Order merit a different outcome. Although Brito cites to anecdotal cases of inmates being reinfected with COVID-19, the Center for Disease Control has not changed its guidance on the issue.[2] Brito has also not identified any relevant changes to his health. The Court reiterates that it assumes "that Brito, as an inmate at Fort Dix, is at greater risk of exposure to COVID-19 than he would be if he were 'at liberty or on home confinement.'" (Doc. 144, at 3) (quoting Doc. 129, at 4). Brito's arguments concerning the existence of COVID-19 variants and the fact that when he might receive a vaccination is unknown do not materially change the Court's analysis. The Court further notes that the number of confirmed active cases among inmates at FCI Fort Dix are significantly lower since the Court's January 27, 2021 Order, while the number of active cases among staff has slightly increased.[3]

Separately, Michael F. Buchanan and Tara J. Norris move to withdraw as counsel for Brito. Buchanan and Norris represented Brito on his first two motions for sentence reduction, which were both denied for reasons already explained. Brito's current motion is brought pro se. Accordingly, the Court will grant Buchanan's and Norris's motion to withdraw as counsel.

CONCLUSION

Taking all considerations both in isolation and in combination, the Court concludes that Brito has not demonstrated an extraordinary and compelling reason to reduce his sentence.

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html ("Cases of reinfection with COVID-19 have been reported, but remain rare.") (last accessed Apr. 5, 2021).
[3] According to the BOP's website, as of January 27, 2021, there were 64 inmates and 32 staff with active cases. (Doc 144, at 4). There are currently 15 inmates and 43 staff with active cases. https://www.bop.gov/coronavirus/ (last accessed Apr. 5, 2021).

Brito's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.  (Doc 145).  The motion of Michael F. Buchanan and Tara J. Norris to withdraw as counsel for Brito is GRANTED.  (Doc 146).  The Clerk is directed to terminate the motions.  (Docs 145 and 146).

    SO ORDERED.

                                            P. Kevin Castel
                                        United States District Judge

Dated:  New York, New York
        April 7, 2021